IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10297
Conference Calendar
_____


JEROME A. JONES,

                                        Plaintiff-Appellant,

versus

JOHN DOE, MEDICAL WARDEN, and
JOHN DOE, MED. PA/PHYSICIAN,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-175
- - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Jerome Jones appeals the dismissal of his civil rights complaint[**] in which he alleged inadequate medical care.

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

    [**] Although Jones filed the instant complaint under 42 U.S.C. § 1983, the action is construed as one brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), because it alleges civil rights violations by federal defendants.  See Stephenson v. Reno, 28 F.3d 26, 26 n.1 (5th Cir. 1994).

A district court may dismiss an in forma pauperis (IFP) complaint as frivolous under 28 U.S.C. § 1915(d) if it lacks an arguable basis in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

The Eighth Amendment's prohibition against "cruel and unusual punishment" protects Jones from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Jones did not plead any facts raising an allegation that prison officials were deliberately indifferent to his serious medical needs. Rather, the gravamen of his complaint is that prison officials were negligent in failing to diagnose his illness promptly and correctly. His brief charges prison medical personnel with neglecting to make the proper diagnosis "until it was to [sic] late to keep Plaintiff from being Permanently Impaired Physically and Mentally." At its core, Jones's claim is simply one of negligence. Therefore, the district court did not abuse its discretion in dismissing Jones's complaint as frivolous. See Eason, 14 F.3d at 9.

Jones's appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because Jones was granted IFP status in the district court, his

motion to this court for leave to proceed IFP on appeal is unnecessary.

MOTION DENIED; APPEAL DISMISSED.  See 5th Cir. Rule 42.2.